CHARLES M. NICHOLS *vs.* PRESBARY HOXIE, Trustee, *et al.*

JULY 7, 1911.

PRESENT:  Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Weight Given to Findings of Justice in Equity Appeal.*

Where there is nothing in the transcript of evidence taken in the Superior Court and on which an appeal in equity is heard, to indicate that the justice of that court erred in any of his findings, his conclusions are entitled to great weight and should not be disturbed except for good and sufficient reasons.

(2)   *Execution of Powers of Sale in Mortgages.*

In the absence of statutory requirement parties may agree upon the manner in which powers of sale in mortgages shall be exercised.

(3)  *Terms of Sale.  Mortgages.*

While terms of sale need not be contained in the foreclosure advertisement, whether they are so announced in such advertisement, or at the time and place of sale, they should be reasonable and calculated to attract rather than repel bidders.

(4)  *Mortgages.  Earnest Money.  Foreclosure.*

Whether a stipulated amount of the purchase money required to be paid down at a foreclosure sale, is reasonable or not, depends upon the circumstances of each particular case, and the court cannot say as matter of law, irrespective of the facts that 20 per cent. is *prima facie* too large and therefore inequitable and void in every case.

BILL IN EQUITY.  Heard on appeal of complainant and dismissed.

DUBOIS, C. J.  This is a bill in equity brought by the complainant as owner of the equity of redemption of certain improved real estate in the city of Providence to set aside a sale thereof under a mortgage as fraudulent and void. The bill was brought and tried in the Superior Court and came to this court upon the complainant's appeal from the decree of the Superior Court dismissing the bill of complaint. The case was heard by this court upon the transcript of testimony taken in the court below, no additional evidence having been introduced before us.  The fraud relied upon by the complainant as a basis for his bill of complaint, and as being sufficient to justify the court in granting the relief prayed for, consists in the facts that the terms of sale were not published in the advertisement thereof; that twenty per centum of the purchase price was required to be deposited as earnest money at the sale in question, and that the same was purposely, fraudulently and maliciously imposed in order to deprive the complainant of said property.  The case was fully heard by a justice of the Superior Court, who not only had the benefit of seeing and hearing the witnesses, but also made a careful analysis of the testimony submitted before him and therefrom arrived at the conclusions embodied in the following

"RESCRIPT.

"LEE, J.  In the above entitled cause the court finds from the testimony submitted.

"1:  That the complainant Charles M. Nichols and the previous owners of the property involved in this cause had allowed said property to deteriorate greatly so that the mortgage upon it was becoming insufficient security for the note secured thereby, before said property was sold under the power of sale contained in said mortgage;

"2:  That the complainant Charles M. Nichols did refuse to accept a good and valid mortgagee's deed of said property and to pay the remainder of the purchase price bid by said Nichols at the mortgagee's sale held on the 28th day of May 1908;

"3:  That the requirement of the payment in cash of 20% of the purchase price at the sale on the 3rd day of July A. D. 1908 was not an unjust, unreasonable and oppressive condition under the circumstances of that sale;

"4:  That the requirement of the payment in cash of 20 % of the purchase price at the sale held on the 3rd day of July A. D. 1908 was not purposely, fraudulently and maliciously imposed in order to deprive the complainant Nichols of said property;

"5:  That at said sale on the 3rd of July 1908, before a bid was called for, the complainant Nichols did ask particularly how large a deposit was required, was told that 20 % was required and did not make any objection thereto;

"6:  That the complainant Nichols at said sale held on July 3rd, 1908, did, before said sale was begun, ask that it go on;

"7:  That the complainant Nichols at said sale of July 3rd, 1908, after bidding in said property, did not offer to pay on the purchase price the sum of $450, or any other sum of money;

"8:  That the auctioneer, Walter F. Crowell, at said sale held on July 3rd, 1908, did know the complainant was

of no financial responsibility and was not a man of good credit;

"9: That the complainant Nichols did not object to the final sale of the property at auction when it was sold to the respondent John B. Carpenter;

"10: That the respondent John B. Carpenter did pay the sum of $3,500 to the respondent Presbary Hoxie trustee, for said property;

"11: That $7,000 was not a fair valuation of said property at the time of said sale on July 3rd, 1908, and that the sum of $3,500 was not a grossly inadequate price for said property to be sold for, at auction upon foreclosure of a mortgage thereon;

"12: That said property at the time of said sale, to wit: July 3, 1908, was in a bad state of repair and greatly deteriorated in value, and was worth at private sale about $5,000 and no more;

"13: That at the time of said last mentioned sale the sum of $3,500 was a fair and reasonable price for said property to be sold for, at an auction sale upon a foreclosure of a mortgage thereon;

"14: That the auctioneer at said sale on July 3rd, 1908 did waive in favor of the respondent John B. Carpenter the requirement that 20% of the purchase price be deposited in cash at the time of said sale, because he knew that said Carpenter was a man of financial responsibility and entitled to credit;

"15: That the respondent Presbary Hoxie, trustee, in selling the property at auction to the respondent John B. Carpenter did exercise reasonably and in good faith the power of sale contained in said mortgage;

"16: That the respondent John B. Carpenter in buying and paying for said property had no notice that the respondent Presbary Hoxie, trustee, had not exercised reasonably and in good faith the power of sale contained in said mortgage;

"17: That the respondent Catherine Lynn did pay

valuable consideration for said property, did have notice that the same had been sold at auction, had no notice of the circumstances thereof or of any claim on the complainant Nichols' part that he had any right, title or interest, legal or equitable, in or to said property, or of any fraud on the part of the other respondents with reference to the sale of said property;

"18:  That the complainant Nichols did not have in his pocket at the time of the auction sale held on the 3rd of July 1908, the sum of $450 or any other considerable sum;

"19:  That the complainant Nichols, before said sale held on the 3rd of July 1908, had not made proper arrangements to pay a reasonable deposit and to pay the balance due on the purchase price at the time of the delivery of the mortgagee's deed;

"20:  That the complainant Nichols was not in possession of said premises on the 3rd day of July, 1908, but that one Mary R. Weeks occupied and was in possession of one tenement in said house, that one Louisa A. Ballou occupied and was in possession of the other tenement in said house, and that the complainant Nichols was in possession of and occupied one room in the attic of said house;

"21:  That at the sale held on the 3rd of July 1908, the auctioneer Crowell before calling for bids did read, in the presence and hearing of the complainant, the terms and conditions of sale, including the requirement that the purchaser should deposit 20% of the purchase price as earnest money, in cash at the time of the sale;

"22:  That the conditions of the sale were not read so hurriedly that the complainant did not hear the condition requiring 20% of the purchase price as earnest money.

"The complainant is therefore not entitled to the relief sought for.  A decree may be entered accordingly."

(1)    There is nothing in the transcript to indicate that the justice of the Superior Court erred in any of his findings. In such circumstances they are entitled to great weight and they should not be disturbed except for good and sufficient

reasons. We cannot say as a matter of law that foreclosure advertisements must contain the terms of sale. In the absence of statutory requirement the parties may agree upon the manner in which powers of sale in mortgages shall be exercised. The object of the advertisement undoubtedly should be to attract as many bidders and prospective purchasers to the sale as may be, in order that the best price attainable for the property may be realized, not only that the mortgage may be satisfied, but also that if possible a surplus may remain for the benefit of those interested in the equity of redemption. The terms of sale whenever announced, whether in the advertisement or at the time and place of sale, should be reasonable and calculated to attract rather than to repel bidders. There is nothing in the present case to indicate that any one was absent from the sale in question on account of the omission of terms of sale in the advertisement thereof. Neither is there any evidence that any person was deterred from bidding at the sale on account of the requirement of twenty per centum of the purchase price as earnest money. Whether such a requirement is reasonable or unreasonable depends upon the circumstances of each particular case. We cannot say as a matter of law, irrespective of the facts, that twenty per centum is *prima facie* too large and therefore must be deemed inequitable and void in every case. It is not within the province of the court to establish and fix the exact percentage that shall be deemed reasonable in all circumstances and in every case. For all that appears in this case the power of sale in the mortgage was exercised in strict conformity with its terms. Although the complainant complains of the harshness of the terms of sale it is not clear that he has been injured thereby. It does not appear that he could have obtained the purchase money from any source even if he had not been required to make any deposit whatever, and he had forfeited the deposit made by him at a previous foreclosure sale of the same property and had declined to accept a deed of the property and pay the purchase price therefor. If he had made arrange-

ments to take up the mortgage there was nothing to prevent that course from being pursued, or if he had preferred to take the mortgagee's deed he might have done so if any one had been ready to advance the necessary funds for that purpose. There is no proof that the respondents or either of them defrauded him in the premises. There is ample proof that if he suffered he was the victim of circumstances over which the defendants had no control and for which they ought not to be held responsible. The disputed questions of fact have been resolved in favor of the respondents and we see no reason to disturb these findings.

The complainant's appeal is therefore dismissed, the decree appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*E. K. Parker, W. Louis Frost,* for complainant.
*Gardner, Pirce & Thornley,* for respondents.
*William W. Moss,* of counsel.